# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO WACHOVIA BANK, NATIONAL ASSOCIATION,

        Plaintiff,

v.                                Case No:  6:19-cv-499-Orl-40TBS

MANSOUR KOCHAK, JUDGE T. PHILLIPS, III., UNKNOWN BENEFICIARIES OF THE LEGACY TRUST, TEATHRON HOLDINGS, DARRIN C. LAVINE, UNKNOWN PARTIES IN POSSESSION '35;1, IF LIVING, AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER AND AGAINST THE ABOVE NAMED DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNO, UNKNOWN PARTIES IN POSSESSION '35;2, IF LIVING, AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER AND AGAINST THE ABOVE NAMED DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNO, UNKNOWN PARTIES IN POSSESSION '35;3, IF LIVING, AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER AND AGAINST THE ABOVE NAMED DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNO and LEGACY TRUST,

        Defendants.
_____/

**ORDER**

This cause comes before the Court without oral argument on Magistrate Judge Thomas B. Smith's March 19, 2019, Report & Recommendation (Doc. 4 (the "**Report**")) and *pro se* Defendant Darrin C. Lavine's Objection thereto (Doc. 6). The Court does not require further briefing.

On January 8, 2019, Plaintiff Wells Fargo Bank, N.A., filed an amended complaint in state court against Defendants Mansour Kochak; Legacy Trust, a private unincorporated common law trust; Judge T. Phillips, III, trustee for the Legacy Trust; unknown beneficiaries of the Legacy Trust; Teathron Holdings; Darrin C. Lavine; unknown parties in possession; and related unknowns (Docs. 1-1, 1-4). The complaint alleges that Defendant Kochak is in default of a mortgage and Plaintiff seeks to foreclose against Defendants' ownership interests. (Doc. 1-1). The Notice of Removal states that Defendant Lavine was served on February 12, 2019; the Notice was filed on March 14, 2019. (Doc. 1). Lavine maintains this Court has jurisdiction over this foreclosure action under 28 U.S.C. § 1331, "as the case involves issues arising under the laws of the United States." (*Id.* ¶ 6; Doc. 4).

In the Report, Judge Smith recommends the case be remanded to state court because Plaintiff fails to establish that this case arises under federal law. (Doc. 4, pp. 4–5). Defendant Lavine objects to the Report, arguing that § 1331 jurisdiction is present because the "Complaint is based on a contract which specifically states that it is subject to Federal law." (Doc. 6, p. 1). Plaintiff's argument that all suits involving contracts that reference Federal law may be brought in federal court under § 1331 is plainly incorrect. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) ("As a general rule, a case arises under federal law only if it is federal law that creates the cause of action."); *1610*

*Corp. v. Kemp*, 753 F. Supp. 1026, 1030 (D. Mass. 1991) ("[T]he fact that a contract is subject to federal regulation does not establish that its interpretation and aspects of its performance are governed by federal law."). As Judge Smith found, "[n]o federal question appears on the face of Plaintiff's mortgage foreclosure complaint," and this case is thus due to be remanded. (*See* Doc. 4, p. 5).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (Doc. 4) is **ADOPTED AND CONFIRMED** and made part of this Order.

2. Defendant Darrin C. Lavine's Objection (Doc. 6) is **OVERRULED**.

3. This case is **REMANDED** to the Seventh Judicial Circuit Court in and for Volusia County, Florida.

4. The Clerk of Court is **DIRECTED** to send a certified copy of this Order to the Clerk of Court for the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida.

5. The Clerk of Court is thereafter **DIRECTED** to terminate all pending deadlines and close the file.

**DONE AND ORDERED** in Orlando, Florida on April 10, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3